UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

THOMAS R. ROBERTS,

        Plaintiff,

-vs-                                      Case No. 5:04-cv-131-Oc-10GRJ

MMD COMPUTERS, INC., a Florida
corporation, and MICHAEL RAMESAR,
SR.,

        Defendants.
_____

## **O R D E R**

This case is before the Court for consideration of the Defendants' Motion for Summary Judgment (Doc. 16), to which the Plaintiff has responded (Doc. 21). The motion is ripe for review[1] and the Court concludes that it is due to be denied in all respects.

## **BACKGROUND**

On April 12, 2004, the Plaintiff, Thomas R. Roberts, filed this action in which he alleges that his former employer failed to pay him overtime as required by the Fair Labor Standards Act and Florida law (Doc. 1). On May 12, 2004, the Defendants moved for

---

[1] Mediation was scheduled in this case for June 10, 2005 (Doc. 25). Since the mediation, no notice of settlement has been filed with the Court. The Plaintiff, however, has filed a "Notice of Voluntary Dismissal Without Prejudice of Count II Only." But pursuant to Federal Rule of Civil Procedure 41(a)(1), an action may be dismissed by the Plaintiff without order of the Court only if the notice of dismissal is filed before a motion for summary judgment is filed by the Defendants. Since the Defendants have moved for summary judgment, Count II of the Plaintiff's Complaint may be dismissed only by order of the Court. See Federal Rules of Civil Procedure, Rule 41(a)(2). Pursuant to Rule 41(a)(2), the Court concludes that Count II is due to be dismissed.

summary judgment (Doc. 5), which the Court denied since it could not be said that there were no material issues of fact, especially in light of the limited discovery period (Doc. 15). On March 15, 2005, the Defendants filed their second motion for summary judgment (Doc. 16), which is presently before the Court for review.

The facts of this case, based upon the affidavits and payroll records submitted by the parties, are as follows. From June 2001 through July 2002 and from August 2003 through February 2004, Mr. Roberts was employed by Defendant MMD Computers, Inc., and Defendant Michael Ramesar, Sr., was his immediate supervisor.[2] Mr. Roberts stated that when he began working for the Defendants in June 2001, he normally worked 10-hour days, Monday through Friday, and would also work almost every Saturday.[3] Mr. Roberts testified that he "was paid straight time in cash for the Saturday work" and was not compensated at one and one-half his regular rate of pay for the hours he worked in excess of forty hours each week.[4]

Mr. Roberts testified that he confronted his supervisor about the company's failure to pay overtime.[5] Mr. Ramesar told Mr. Roberts that he was aware of the overtime hours

---

[2] Doc. 21, Part 2, Affidavit of Thomas R. Roberts, pg. 1, ¶2; see also Doc. 5, Affidavit of Michael Ramesar, pg. 1-2, ¶4-5, stating that Mr. Roberts was employed by MMD Computers from July 16, 2001 to July 2, 2002. Mr. Ramesar is "the incorporator, stockholder, a director, president, and registered agent of MMD Computers, Inc." Id. at pg. 1, ¶2.

[3] Doc. 21, Part 2, Affidavit of Thomas R. Roberts, pg. 1, ¶4.

[4] Id.

[5] Id. at ¶5.

worked by Mr. Roberts, but he would not be compensated because he was "not asked to come in early or stay late during the week."[6]  Soon after his conversation with Mr. Ramesar, Mr. Roberts resigned from his position at MMD Computers and began to work for a competitor.[7]

Mr. Roberts testified that during his first period of employment with MMD Computers, he worked approximately 864 hours of overtime for which he is owed $4,920.50, plus liquidated damages and attorney's fees and costs.[8]  However, Mr. Roberts' supervisor, Mr. Ramesar, testified that Mr. Roberts only worked 5.5 hours of overtime during this period of employment, for which he was paid at a rate 1.5 times his regular base pay.[9]  In support of their argument, the Defendants have submitted copies of payroll records for Mr. Roberts for July 1, 2001 through February 10, 2002, and copies of paychecks which include overtime pay for the periods Mr. Roberts worked overtime.[10]  Mr. Roberts testified that the pay stubs submitted by the Defendants do not accurately reflect the hours he worked each

---

[6]   Id.

[7]   Id.

[8]   Id. at pg. 2, ¶9.

[9]   Doc. 5, Affidavit of Michael Ramesar, pg. 2, ¶6.  Mr. Ramesar stated that Mr. Roberts worked 4.5 hours of overtime the week of February 17, 2002, and worked 1 hour of overtime the week of May 5, 2002, for both of which he was paid.

[10]   Doc. 5, Exh. A, B.

week and fail to account for the hours he worked in excess of forty hours "on numerous occasions" while employed with MMD Computers.[11]

According to William S. Ireland, a former employee of MMD Computers who worked with Mr. Roberts during his first employment period with MMD Computers, he observed that Mr. Roberts took "frequent and great amounts of time off work" and "it would have been impossible for him to work overtime."[12] In addition, Mr. Ireland testified that he never heard Mr. Roberts complain about having to work overtime and not being paid for it.[13] Jeremy Robert Winfree, another former employee of MMD Computers during the first period of time that Mr. Roberts worked for the company, testified that he worked on Saturdays and never once saw Mr. Roberts at work on a Saturday.[14]

In the summer of 2003, Mr. Ramesar contacted Mr. Roberts about returning to work with MMD Computers.[15] Mr. Ramesar told Mr. Roberts that working on Saturdays was optional and the company would now pay Mr. Roberts for any overtime that he worked.[16] Mr. Roberts accepted Mr. Ramesar's offer of employment and began working for MMD

---

[11]   Doc. 21, Part 2, Affidavit of Thomas R. Roberts, pg. 1, ¶3.

[12]   Doc. 17, Affidavit of William S. Ireland, pg. 1-2, ¶3-5.

[13]   Id. at pg. 2, ¶6.

[14]   Doc. 22, Affidavit of Jeremy Robert Winfree, pg. 1, ¶3-4.

[15]   Doc. 21, Part 2, Affidavit of Thomas R. Roberts, pg. 1, ¶6.

[16]   Id.

Computers again in August 2003.[17]  On February 26, 2004, Mr. Roberts was terminated from his employment with MMD Computers.[18]

According to Mr. Roberts, during his second period of employment with MMD Computers, he worked approximately two Saturdays per month.[19]  Due to his work on Saturdays, Mr. Roberts' usually worked more than forty hours each week, but he was not paid overtime for hours worked in excess of forty hours.[20]

Mr. Roberts testified that for this second period of employment, he worked 91 hours of overtime for which he is owed $496.00, plus liquidated damages and attorney's fees and costs.[21]  However, according to Mr. Ramesar, Mr. Roberts only worked 12 hours of overtime during this second period of employment, for which he was paid at the rate of 1.5 times his regular pay.[22]  In support of this assertion, the Defendants have submitted copies of payroll records for Mr. Roberts for August 1, 2003 through August 17, 2003 and copies

---

[17]   Id.; see also Doc. 5, Affidavit of Michael Ramesar, pg. 3, ¶7, stating that Mr. Roberts returned to work for MMD Computers on August 8, 2003.

[18]   Doc. 21, Part 2, Affidavit of Thomas R. Roberts, pg. 1, ¶8.

[19]   Id. at ¶7.

[20]   Id.

[21]   Id. at pg. 2, ¶9.

[22]   Doc. 5, Affidavit of Michael Ramesar, pg. 3, ¶8.

of paychecks which include overtime pay for the periods Mr. Roberts worked overtime.[23] Mr. Roberts also disputes the accuracy of these records.[24]

According to Judson C. Spence, another former employee of MMD Computers who worked with Mr. Roberts during Mr. Roberts' second period of employment with the company, he also observed that Mr. Roberts took "frequent and great amounts of time off work."[25] In addition, Mr. Spence stated that Mr. Roberts left work at exactly 5 p.m. on Mondays, Wednesdays, and Fridays so that he would not be late for his other job.[26] Mr. Spence also never heard Mr. Roberts complain about working overtime and not getting paid for it.[27]

In their motion for summary judgment, the Defendants contend that the Fair Labor Standard Act's two-year statute of limitations bars any of the Plaintiff's claims occurring two years before this suit was filed, which are any claims that accrued before April 12, 2002. In addition, the Defendants argue that the affidavit of Michael Ramesar, together with the payroll records and copies of paychecks, establish that the Plaintiff was paid the requisite overtime pay for every hour of overtime that he actually worked. The Defendants claim that the Plaintiff's "empty, conclusory allegations which are squarely refuted by the specific

---

[23]   Doc. 5, Exh. A, B.

[24]   Doc. 21, Part 2, Affidavit of Thomas R. Roberts, pg. 1, ¶3.

[25]   Doc. 18, Affidavit of Judson C. Spence, pg. 1, ¶3-5.

[26]   Id. at pg. 1-2, ¶6.

[27]   Id. at pg. 2, ¶7.

facts" do not create a genuine issue of fact, and therefore summary judgment should be entered in favor of the Defendants.

## SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), the entry of summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In Celotex Corp. v. Catrett, the Supreme Court recognized that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[28] The moving party bears the initial burden of establishing the nonexistence of a triable fact issue. If the movant is successful on this score, the burden of production shifts to the non-moving party who must then come forward with "sufficient evidence of every element that he or she must prove."[29] The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried.[30]

---

[28] 477 U.S. 317, 322 (1986).

[29] Rollins v. Techsouth, Inc., 833 F.2d 1525, 1528 (11th Cir. 1987).

[30] Celotex, 477 U.S. at 324.

**DISCUSSION**

*Overtime Pay*

Pursuant to 29 U.S.C. § 207(a)(1) "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

Although the evidence presented by the Defendants on summary judgment may persuade a jury that they adequately paid the Plaintiff for any overtime he may have worked, it is not the role of the Court to weigh the evidence on a motion for summary judgment.  Mr. Roberts' testimony conflicts with the testimony of Mr. Ramesar regarding the number of hours Mr. Roberts worked in excess of forty hours each week and whether or not he received overtime pay for them.  Since there is a material factual dispute, the Defendants' motion for summary judgment is due to be denied.

*Statute of Limitations*

Pursuant to 29 U.S.C. § 255(a), the Plaintiff may bring his claim under the Fair Labor Standards Act within two years after his cause of action accrued, or within three years after his cause of action accrued if the action arises out of a "willful violation."  To prove

willfulness, the Plaintiff must show that his employer either knew or showed reckless disregard as to whether its conduct was prohibited by statute.[31]

The Court concludes that there is material evidence in dispute as to whether the Defendants willfully refused to pay the Plaintiff overtime. The Plaintiff testified that he confronted his supervisor about working overtime without pay, and his supervisor continued to deny him overtime pay. The Defendants argue that the Plaintiff was paid for the time he worked overtime, and rely on the affidavits of former employees of MMD Computers who stated that they never heard Mr. Roberts complain about working overtime and not being paid for it. Due to these material factual disputes, the Defendants' motion for summary judgment with respect to any claims occurring two years before this action was filed is denied.

## CONCLUSION

Accordingly, upon due consideration, it is ordered that:

(1) Count II of the Plaintiff's Complaint is DISMISSED, without prejudice, pursuant to Rule 41(a)(2) and the Plaintiff's Notice of Voluntary Dismissal of Count II (Doc. 29); and

(2) the Defendants' Motion for Summary Judgment (Doc. 16) is DENIED.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 15th day of June, 2005.

Copies to:   Counsel of Record

*[signature]*

UNITED STATES DISTRICT JUDGE

---

[31] See McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988).