UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

THOMAS R. ROBERTS,

          Plaintiff,

-vs-                                           Case No. 5:04-cv-131-Oc-10GRJ

MMD COMPUTERS, INC., a Florida
corporation, and MICHAEL RAMESAR,
SR.,

          Defendants.

_____

## **O R D E R**

This case is before the Court for consideration of the Defendant Michael Ramesar, Sr.'s Motion to Alter Judgment (Doc. 52), the Plaintiff's Motion for Taxation of Attorney's Fees and Costs (Doc. 57), and the Defendants' Amended Motion to Review Bill of Costs Taxed by the Clerk (Doc. 62). The Court will address each motion in turn.

## **BACKGROUND**

On July 14, 2005, the jury returned a verdict in this case finding that the Defendant failed to pay the Plaintiff overtime pay in violation of the Fair Labor Standards Act. The jury further found that the Plaintiff should be awarded damages in the amount of $35.44.[1] On July 18, 2005, judgment was entered in favor of the Plaintiff and against the Defendant in

---

[1] Doc. 48, Jury Verdict.

the amount of $35.44.[2] Shortly thereafter, Defendant Michael Ramesar, Sr. moved to alter the judgment because he contends that judgment should only be entered against the corporate defendant, MMD Computers, Inc., and not against the individual defendant, Michael Ramesar, Sr.[3] On July 28, 2005, the Plaintiff moved for the taxation of attorneys' fees and costs,[4] and on July 29, 2005, the Clerk taxed costs against the Defendants in the amount of $1,908.33.[5] Thereafter, the Defendants moved to review the Clerk's taxation of costs and filed objections to the Plaintiff's request for attorney fees.[6]

## DISCUSSION

*I. MOTION TO AMEND JUDGMENT*

Defendant Michael Ramesar, Sr. argues that the judgment in this case should be altered and entered only against Defendant MMD Computers, Inc. and not against Defendant Michael Ramesar, Sr. because for the time period in which the jury found that the Plaintiff was not paid for overtime (April 12, 2002 to July 12, 2002), the Plaintiff was employed by the corporation, MMD Computers, Inc., and not by the individual, Mr.

---

[2] Doc. 51, Judgment.

[3] Doc. 52, Defendant's Motion to Alter Judgment.

[4] Doc. 57, Plaintiff's Motion for Taxation of Attorney's Fees and Costs.

[5] Doc. 58.

[6] Doc. 61, Defendants' Response to Plaintiff's Motion for Attorney Fees and Costs; Doc. 62, Amended Motion to Review Costs.

Ramesar.[7] In response, the Plaintiff argues that as an individual acting directly or indirectly in the interest of an employer and as a cooperate officer of MMD Computers, Mr. Ramesar can be held jointly and severally liable under the FLSA for unpaid wages. The Court agrees.[8] Accordingly, Defendant Michael Ramesar, Sr.'s Motion to Alter Judgment is due to be denied.

*II. ATTORNEYS' FEES*

The Plaintiff requests $13,550.00 in attorneys' fees. In response, the Defendants argue that the attorneys' fees for the Plaintiff should be substantially reduced to reflect the fact that the Plaintiff only recovered $35.44 in unpaid overtime wages, which was significantly less than the approximately $5,000 in overtime wages he sought. In other words, the Plaintiff essentially lost his case, and the Plaintiff's attorneys' fees should be reduced accordingly.

The Fair Labor Standards Act requires a court to award prevailing employees reasonable attorneys' fees in unpaid overtime wages cases. [9] However, the amount of

---

[7] MMD Computers incorporated on December 17, 2001. Doc. 53, Certificate of Incorporation.

[8] See 29 U.S.C. § 203(d) ("'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee . . ."); Patel v. Wargo, 803 F.2d 632, 637-38 (11th Cir. 1986) (quoting Donovan v. Agnew, 712 F.2d 1509, 1511 (1st Cir.1983) ("The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.")

[9] See 29 U.S.C. § 216(b).

attorneys' fees awarded is within the sound discretion of the trial court.[10] To determine an appropriate cost and fee award, the Court must consider the twelve factors set out in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).[11] The twelve factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases.[12]

The Plaintiff represents that the law firm which represented him throughout this litigation expended 105.7 hours of attorney time at a rate of $200.00 per hour for the services of Laura Weis; 48.9 hours of attorney time at a rate of $300.00 per hour for the services of Charles Scalise and K.E. Pantas; and 1.7 hours of paralegal time at a rate of $95.00 per hour for a total of $35,971.50 in attorneys' fees.[13] Nevertheless, the Plaintiff is requesting that he recover only $13,550.00 – an amount which has been adjusted to reflect the limited success achieved by the Plaintiff's attorneys.

---

[10]  Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1543 (11th Cir. 1985).

[11]  Id. at 1544.

[12]  Id. at 1544 n.2 (citing Johnson, 488 F.2d at 717-19).

[13]  Doc. 56, Affidavit of Attorney's Fees and Costs.

The Court concludes that the Plaintiff should be awarded $5,965.38 in attorneys' fees. The Plaintiff represents (and the Court accepts) that his attorneys and paralegal spent a total of 156.3 hours on his case, but this amount will be reduced because the services of a single lawyer should have been sufficient to prepare for and try a relatively simple and straightforward FLSA overtime claim. Accordingly, the Court will start its calculation allowing for 115.6 hours in attorney and paralegal time on this case.[14] The rate charged by the Plaintiff's attorneys and paralegal is reasonable; and there is no evidence that the Court should adjust the fees upward because this case was particularly novel, because there were unusual time limitations, because the attorneys were precluded from taking other cases, or because this case was more "undesirable" than any other type of case. The Court will also take into consideration that the Plaintiff's attorneys took his case on a contingency fee basis. Thus, 115.6 hours at the rates charged by the Plaintiff's law firm amounts to $23,861.50 in attorneys' fees.[15] This amount must be reduced, however, to reflect the fact that the Plaintiff virtually lost his case – the Plaintiff sought approximately $5,000 in unpaid wages, but the jury awarded him only a nominal amount ($34.55).[16]

---

[14]   104.7 hours for Laura Weis' time (one hour was subtracted for "hotel review") + 9.2 hours for Charles Scalise's time + 1.7 hours of Susan Sabra's time = 115.6 hours.

[15]   104.7 hours for Lara Weis @ $200 per hour = $20,940.00; 9.2 hours for Charles Scalise @ $300 per hour = $2,760.00; 1.7 hours for Susan Sabra @ $95.00 per hour = $161.50 for a total of $23,861.50.

[16]   See, e.g., Spegon v. Catholic Bishop of Ocala, 175 F.3d 544, 558 (7th Cir. 1999) (relying on Hensley v. Eckerhart, 461 U.S. 424, 436 (1983), where the Supreme Court held that a district may adjust the award of attorney's fees to take into account the plaintiff's level of
(continued...)

Accordingly, the Court concludes that the fees should be reduced by 75%, to a sum of $5,965.38, to reflect the virtually nonexistent success of the Plaintiff's case.[17]

*III. COSTS*

On July 29, 2005, in accordance with Federal Rule of Civil Procedure 54(d)(1), the Clerk taxed the Plaintiff's Bill of Costs in the amount of $1,908.33. The Defendants objected to the Clerk's taxation of costs, to which the Plaintiff has not responded.[18]

Pursuant to Rule 54(d)(1), the Clerk of the Court may tax the costs of the prevailing party, and the Court may review the taxation on a motion by the non-prevailing party. The Defendants have filed objections to the Plaintiff's Bill of Costs, and the Court will consider each of the Defendants' objections separately in this Order. Specifically, the Court will consider whether the costs that the Plaintiff requests to be taxed by the Clerk are provided for in 28 U.S.C. § 1920, which limits the costs that may be awarded under Rule 54(d)(1).[19]

---

[16](...continued) success). In Spegon, the Seventh Circuit upheld a trial court's reduction in attorney's fees by 50% to account for the employee's limited success in his FLSA claim (the employee sought damages of $25,000 and was only awarded $1,100 in damages).

[17] $23,861.50 x .25 = $5,965.38.

[18] The Plaintiff's Motion for Attorney's Fees and Costs (Doc. 57) briefly addresses the issue of costs, but the Plaintiff has not directly responded to the Defendants' Motion for Review of Clerk's Taxation of Costs (Doc. 62).

[19] The Plaintiff suggests that 28 U.S.C. § 1920 does not apply to this case because the Fair Labor Standards Act provides for attorneys' fees, which includes "all out-of-pocket expenses in preparation for trial for which lawyers would normally bill their clients separately." However, the Eleventh Circuit has applied § 1920 to Fair Labor Standards Act cases, thus this Court will do the same. See Glenn v. General Motors Corp., 841 F.2d 1567, 1574-76 (11th Cir. 1988).

*A. FEES FOR SERVICE OF SUMMONS AND SUBPOENA*

The Defendants object to the taxation of costs for the service of summons and subpoenas upon the Defendants and witnesses Dave Evans and Lesile Luck in the amount of $400.00. The Eleventh Circuit has held, however, that pursuant to 28 U.S.C. § 1920(1), a prevailing party may recover costs incurred for fees of the Clerk, Marshall, or private process server for serving civil summonses and subpoenas.[20] Accordingly, in light of the Plaintiff's detailed receipts for each service, and upon due consideration, the Plaintiffs' objections are overruled.

*B. EXPERT WITNESS FEE*

The Defendants also object to the taxation of costs for the expert witness fee of Leo P. Rock in the amount of $360.00. The Court may tax costs in the amount of $40 per day for each day that a witness attends trial, and the Eleventh Circuit has held "that a federal court may tax expert witness fees in excess of the $[40]-per-day limit set out in § 1821(b) only when the witness is court-appointed."[21] Accordingly, since Mr. Rock was not a court-appointed expert witness and was not a witness at trial, the Defendants' objections are sustained.

---

[20]   U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 623-24 (11th Cir. 2000).

[21]   Morrison v. Reichhold Chemicals, Inc., 97 F.3d 460, 463 (11th Cir. 1996).

*C. MEDIATION FEE*

The Defendants also object to the taxation of costs for the mediation fee incurred by the Plaintiff in the amount of $312.50. § 1920 does not explicitly provide for the recovery of mediation fees, thus courts have generally not allowed prevailing parties to recover such fees.[22] Accordingly, the Defendants' objections with respect to the mediation fee are sustained.

*D. INVESTIGATIVE SERVICES*

Lastly, the Defendants object to the taxation of costs for the "investigative services of witnesses" fee in the amount of $244.95. § 1920 does not provide for the recovery of "investigative services," thus the Defendants' objections with respect to these costs are due to be sustained.

**CONCLUSION**

Accordingly, upon due consideration, and for the foregoing reasons, it is ordered that:

(1) Defendant Michael Ramesar, Sr.'s Motion to Alter Judgment (Doc. 52) is DENIED;

---

[22] See, e.g., Brisco-Wade v. Carnahan, 297 F.3d 781, 782 (8th Cir. 2002); Mota v. University of Texas Houston Health Science Center, 261 F.3d 512, 530 (5th Cir. 2001); Scelta v. Delicatessen Support Services, Inc., 203 F.Supp.2d 1328, 1339 (M.D. Fla. 2002); see also Middle District of Florida Local Rule 9.02(f), providing that the costs of mediation shall be borne equally by the parties.

(2) the Plaintiff's Motion for Taxation of Attorney's Fees and Costs (Doc. 57) is GRANTED IN PART AND DENIED IN PART, as set forth in this Order, and the Clerk is directed to enter judgment for the Plaintiff in the amount of $5,965.38 in attorneys' fees; and

(3) the Defendants' objections to the Clerk's taxation of costs (Doc. 62) are OVERRULED IN PART AND SUSTAINED IN PART, as set forth in this Order, and the Bill of Costs taxed by the Clerk is hereby reduced to the sum of $990.88,[23] for which execution may issue.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 4th day of October, 2005.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Maurya McSheehy

---

[23] $1,908.33 (total costs taxed) less $360.00 (expert witness fees), $312.50 (mediation fee), and $244.95 (investigative services fee) equals $990.88.